UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:10-cr-107-FtM-29DNF

LEROY THOMAS
_____

**OPINION AND ORDER**

This matter comes before the Court on the United States' Motion to Reopen Suppression Proceedings and for Reconsideration (Doc. #36) filed on March 14, 2011.  Defendant filed a Response (Doc. #37) on March 23, 2011.  For the reasons set forth below, the motion is granted in part and denied in part.

The United States seeks to reopen the suppression hearing to "admit the probable cause affidavit into evidence and to reconsider its order suppressing the defendant's incriminating statement." (Doc. #36, p. 1.)  The United States also asks the Court to consider three never before raised arguments: the existence of probable cause to arrest, reasonable suspicion to detain, and the good faith of the officers as mitigation of the need for suppression.

**A.   Search Warrant Affidavit and Application**

The Search Warrant issued by the state court authorized the search of 2723 Market Street (the Residence) **and** "any persons found therein and or **involved in this investigation** . . .", Gov. Exh. 1, p. 3, for cocaine, drug paraphernalia, drug records, drug proceeds,

illegally possessed firearms, and indicia of ownership and control, Gov. Exh. 1, p. 2 (emphasis added). Defendant has not challenged the Search Warrant as it relates to the search of the Residence. The Search Warrant, however, did not describe the contours of "this investigation" or identify any specific person "involved in this investigation." The Search Warrant stated that it incorporated the probable cause affidavit, but the affidavit was not in the record of the suppression hearing. While the government states no reason the Affidavit and Application for Search Warrant was not introduced with the Search Warrant as an exhibit at the suppression hearing, it appears to have been a mere oversight. The Court finds no reason the Affidavit and Application for Search Warrant, which is now in the record as Doc. #36-1, should not be deemed to be an exhibit at the suppression hearing for the sake of the completeness of the Search Warrant. Therefore, the Court will consider the Affidavit and Application for Search Warrant to the extent that it completes the Search Warrant issued by the state court.

The Court declines to consider the factual contents of the Affidavit and Application for Search Warrant as if it was testimony at the suppression hearing. Not only is the document hearsay when offered as substantive evidence of the events, but the affiant testified at that hearing and the government could have elicited the facts at a time the officer was subject to cross examination.

**B.  Reconsideration of Specific Authority Given by Search Warrant**

The Court's Opinion and Order (Doc. #34, pp. 7-9) rejected the government's argument that the Search Warrant itself validly authorized the search of any person involved in the officers' investigation, which included defendant. Nothing in the Affidavit and Application for Search Warrant changes the Court's findings that the language relied upon by the government constituted an unconstitutional general warrant. The Court reconsiders this issue in light of the Affidavit and Application for Search Warrant but declines to changes its prior findings and conclusions.

**C.  Reconsideration of <u>Michigan v. Summers</u> Argument**

The Court reconsiders its prior Opinion and Order as to <u>Michigan v. Summers</u>, 452 U.S. 692 (1981) in light of the Affidavit and Application for Search Warrant, but finds no reason to change its findings or legal conclusions at Doc. #34, pp. 9-16.

**D.  Government's New Legal Theories**

The Court declines to reopen or reconsider the matter based upon the government's current legal theories of probable cause to arrest or reasonable suspicion to stop and detain. While the government had the opportunity to raise these issues in response to the motion or at the suppression hearing, it failed to do so. The suppression hearing, Report and Recommendation, and prior Opinion and Order were not simply dry runs so the government could determine what legal theories should be advanced. The government

forfeited its ability to raise reasonable suspicion or probable cause in this case.

Even if the Court were to consider these two new legal theories, neither has merit.  Nothing in the record, even if the Court were to consider the Affidavit and Application for Search Warrant as substantive factual evidence, would support a finding of reasonable suspicion or probable cause to stop and detain defendant.

Finally, the government has also forfeited its argument that suppression was not the appropriate remedy because of the good faith of the officers.  Additionally, even if considered, the Court continues to find suppression appropriate.  The undisputed facts remain that the officers obtained a search warrant which authorized them to seize suspects merely because they were "involved in this investigation."  The affidavit has now confirmed that none of the suspects were identified to the issuing circuit court judge and that the scope of "this investigation" was never set forth.  The Search Warrant remains, as to the suspects not found in or near the premises, an unconstitutional general warrant.  The officers treated it as such, seizing persons they determined to be suspects who were no longer near the residence and who posed no legitimate safety concerns.  The good faith of the officers is crippled when it is recalled that the officers' pre-raid determination was to seize such persons outside the residence, without regard to whether

seizure was necessary based on safety needs.  No objectively reasonable officer could have reasonably presumed this portion of the Search Warrant was valid.

Accordingly, it is now

**ORDERED:**

The United States' Motion to Reopen Suppression Proceedings and for Reconsideration (Doc. #36) is **GRANTED** in part and **DENIED** in part as set forth above.  The Court will deem the Affidavit and Application for Search Warrant (Doc. #36-1) to be an exhibit to the suppression hearing, will reconsider its prior decision in light of the affidavit, but declines to otherwise modify the Court's Opinion and Order (Doc. #34), which remains in effect.

**DONE AND ORDERED** at Fort Myers, Florida, this  25th  day of March, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record