Case 2:10-cr-00107-JES-DNF   Document 48   Filed 05/20/11   Page 1 of 4 PageID 296

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

UNITED STATES OF AMERICA

-vs-  Case No.: 2:10-cr-107-FtM-29DNF

LEROY THOMAS

_____

## ORDER

This matter comes before the Court on the Defendant's Motion to Vacate Detention Order and Set Conditions of Release (Doc. #42) filed on April 6, 2011. The Government filed its response in opposition (Doc. #44) on April 18, 2011. A hearing was held before the undersigned on May 18, 2011 to address the issues raised in the Motion.

As a matter of background, on September 8, 2010, the Defendant appeared before this Court for an Initial Appearance and Bond Hearing. After the arguments and proffers of counsel, the Defendant was detained as "[t]here is no condition or combination of conditions that would guarantee the Defendant would not [be] a risk of flight or a danger to the community or himself." (Doc. #9).

Subsequent to the Defendant being detained, he filed a Motion to Suppress Evidence and Memorandum of Law (Doc. #16) on November 5, 2010. The Honorable Douglas N. Frazier, United States Magistrate Judge, held a hearing on the Motion on November 22, 2010, and filed a Report and Recommendation (Doc. #31) on January 14, 2011. The District Court accepted and adopted in part the factual findings, but rejected in part the legal conclusions. In essence, the District Court suppressed statements made by Defendant Leroy Thomas while in custody on May 13, 2010,

following his detention in which he made admissions concerning the contraband located during the execution of a search warrant.   (Doc. #34).  The Government has appealed the Court's Order, necessitating the Court to cancel the Defendant's trial date.  In the instant Motion, Defense counsel argues this ruling substantially weakens the Government's case against the Defendant and Defendant should not have to remain in custody while the Government appeals this matter.  (Doc. #42, ¶4-5).

The issue of bail for a defendant pending a government appeal is addressed in 18 U.S.C. §3143(c).  Section 3143(c) provides in pertinent part:  (c) Release or detention pending appeal by the government. - The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order.

In this case, the Government's appeal is one taken pursuant to section 3731 and therefore, the Court must re-examine the factors enumerated in section 3142 to determine whether the Defendant is eligible for bail pending the outcome of the appeal.[1]

---

[1]
```
The factors enumerated in 18 U.S.C. § 3142(g) to determine
whether a defendant is eligible for release on bail pending
appeal include:
     (1) the nature and circumstances of the offense charged,
including whether the offense is a crime of violence, a violation
section 1591, a Federal crime of terrorism, or involves a minor
victim or a controlled substance, firearm, explosive, or
destructive device;
     (2) the weight of the evidence against the person;
     (3) the history and characteristics of the person,
including-
          (A) the person's character, physical and mental
          condition, family ties, employment, financial
          resources, length of residence in the community,
          community ties, past conduct, history relating to drug
          or alcohol abuse, criminal history, and record
          concerning appearance at court proceedings; and
                                                  (continued...)
```

At the hearing on May 18, 2011 concerning the present Motion, the Government continued to rely on the presumption that the Defendant is a danger to the community and a risk of flight based upon his prior criminal history and prior violations of probation as well as the possibility that the penalties could be great if the Defendant is convicted and enhanced as a result of prior felony drug convictions.

The Defendant, on the other hand, argued that he has strong ties to the community as he has been a lifelong resident of Lee County and that he has family members willing to co-sign a bond. His mother would be willing to act as third-party custodian as the Defendant would be living with her if released. The Defense further argued that the Defendant's prior convictions are remote in time, and that the prior drug convictions were resolved in a single concurrent sentence imposed in July of 2001.

The Court has reviewed the Pretrial Services Report, the Defendant's residential and financial status, employment history, substance abuse history, and has listened to the proffers and arguments of Counsel. The Court has also re-evaluated the strength of the Government's case in light of the recent ruling by the District Court suppressing the Defendant's admissions.

---

[1](...continued)
```
     (B) whether, at the time of the current offense or
     arrest, the person was on probation, on parole, or on
     other release pending trial, sentencing, appeal, or
     completion of sentence of an offense under Federal,
     State, or local law; and
  (4) the nature and seriousness of the danger to any person
  in the
  community that would be posed by the person's release . . .
```
18 U.S.C. § 3142(g).

The Court finds the Defendant has not overcome the presumption that the Defendant is a risk of flight and danger to the community.[2] Although the Defendant has substantial ties to the Fort Myers area, the Court considers him to be a risk of nonappearance due to his lack of financial ties to the community, his prior criminal record with a previous bench warrant for failure to appear and violations of probation, as well as his self-reported abuse of illegal controlled substances.

The Court finds the Defendant to be a risk of danger to the community based upon his prior criminal record with a history of drug offenses. There is no condition or combination of conditions that would guarantee the Defendant would not be a risk of flight or a danger to the community or himself. The conclusion is based on the findings and analysis of the matters enumerated in 18 U.S.C. § 3142(g). Accordingly, it is now

**ORDERED:**

Defendant's Motion to Vacate Detention Order and Set Conditions of Release (Doc. #42) is **DENIED**. The Defendant shall be detained without prejudice pending further proceedings.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of May, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[2] In its written Order dated September 9, 2010, the Court found the Defendant to be a risk of flight and a danger to the community. However, in its written Order, the Court inadvertently left out the word "not" when it found "that the Defense has overcome the presumption that the Defendant is a risk of flight and a danger to the community." It is clear from the oral pronouncement at the hearing on September 9, 2010, that the Court found that the Defendant had **not** overcome the presumption and therefore, was detained pending trial.